*228 DeMOSS, Circuit Judge,
specially concurring:
I concur only in the result.
The only issue before this Court is whether the district court abused its discretion by granting a temporary injunction enjoining the enforcement of Texas A&M University System Policy 31.05 and Regulation 31.0501 (the “TAMUS Policy”) and the “Expert Witness Rider” attached to the Appropriations Act 1997-99, art. IX, § 2(5) (the “Rider”). The Order of the district court granting that injunction does not address and does not constitute any final determination concerning:
a. whether the distinct court would apply the abstention doctrine of Railroad Comm’n of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) and Word of Faith World Outreach Center Church, Inc. v. Morales, 986 F.2d 962 (5th Cir.1993);
b. whether the “speech” in this case is “commercial speech”;
c. whether the speech in this case relates to “matters of public concern”;
d. whether a balancing of interest between the rights of the employee and the rights of the state as employer under Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) would require a result in favor of plaintiff/appellees;
e. whether the TAMUS policy or the Rider constitute an unconstitutional content based restriction on the free speech rights of the plaintiffs/appellees under United States v. National Treasury Employees Union, 513 U.S. 454, 115 S.Ct. 1003, 130 L.Ed.2d 964 (1995).
Likewise, the district court did not file any findings of fact and conclusions of law on these issues for us to review.
In my view this ease raises a serious and fundamental issue not previously decided by the United States Supreme Court or this Court. That is, whether the State of Texas or one of its state universities can prohibit a state employee or a full-time professor at the university from serving as a compensated expert witness against the state when the subject matter of his testimony and the basis of his qualifications as an expert are directly connected with, and are the product of, his employment by the state. That issue was expressly left undecided by the Supreme Court in National Treasury Employees and needs far more factual development and legal analysis by the parties and the Court than it has received on the hearing for preliminary injunction.
Our task on this appeal is much narrower than the decision penned by the majority. We are simply to decide whether, based upon the limited evidence presented at this early stage of the litigation, we believe that the district court’s decision is so wanting for support that it constitutes an abuse of discretion. I can imagine several reasons why the district court might have found it appropriate to grant an injunction. For example, the expert testimony relationships which are the subject of this case appear to have been entered into prior to the effective date of the Rider; and raise an issue concerning whether the Rider should be retroactively applied against the plaintiffs during the pendency of this suit. Where I differ from the majority is that I would have neither assumed to know the reasoning of the district court nor presumed to include that reasoning in an opinion disposing of the more narrow preliminary injunction question.
Consequently, I concur with the majority that the district court did not abuse its discretion, but I decline to join in the discussion and commentary by the majority relating to matters which, in my view, are not raised by this appeal.